UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN WISE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISCELLANEOUS NO. C-12-14 |
| | § | |
| SERGIO DELGADO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, proceeding *pro se*, moved for leave to proceed *in forma pauperis* in this lawsuit (D.E. 1). A hearing was held on his application March 21, 2012. Plaintiff consented to proceed before a United States Magistrate Judge and this matter was referred to undersigned to make all final decisions (D.E. 5, 6).

### Indigency

Plaintiff testified that he receives Social Security disability income of approximately $800 per month and his monthly expenses greatly exceed his income. Plaintiff is a pauper for purposes of 28 U.S.C. § 1915.

### Section 1915 Screening

Pursuant to 28 U.S.C. § 1915, plaintiff's action must be dismissed if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff bears

the burden of establishing federal court jurisdiction.  <u>Rivera v. Wyeth-Ayerst Laboratories</u>, 283 F.3d 315, 318 (5th Cir. 2002)   Plaintiff's *pro se* complaint must be read indulgently, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

Plaintiff testified under oath about the events which gave rise to his lawsuit.  On New Year's Eve 2011, plaintiff stopped for a drink at a bar near his home in Corpus Christi.  The supervisor at his job with Tyler, Inc., Lisa West, was at the bar and suggested that plaintiff give another woman, visiting from the Netherlands, a ride on his motorcycle.  Plaintiff agreed and the woman climbed onto plaintiff's motorcycle and whispered to him that she wanted him to take her "out of there."  Plaintiff took her to his house, and they were sitting down to have a drink when Lisa West drove up.  Lisa West's boyfriend Danny hit and kicked the plaintiff while someone else dragged plaintiff's visitor into Lisa West's car.  As Lisa West drove off, she told the plaintiff he was fired.  Plaintiff was injured and called the Corpus Christi Police Department to file assault charges.  After an officer responded, plaintiff refused medical treatment, and he was instructed by the police officer to go down to the Police Department later to file charges.

Plaintiff followed up and tried to file charges at the police department.  He spoke to defendant Detective Sergio Delgado and told him what happened.  When Det. Delgado contacted Ms. West, her boyfriend Danny, and the woman from the Netherlands, they all reported to Det. Delgado that plaintiff had been trying to sexually assault the woman from the Netherlands.  When plaintiff next contacted the police department, he was told

that if any criminal charges were to be filed, it would be plaintiff who would be charged with sexual assault.

Plaintiff was fired from his job as a result of this incident.  He seeks monetary damages from Lisa West and the owner of Tyler, Inc., for firing him and for slandering his reputation, from Danny for slander and for injuries resulting from the assault, and from Corpus Christi Police Det. Sergio Delgado, for believing the lies that were told about him and threatening to file criminal charges against him.  No criminal charges have been filed.  Plaintiff was unable to articulate any federal causes of action to support the filing of his lawsuit in federal court, and the court knows of none.  Plaintiff was granted thirty days to supplement his complaint with federal causes of action, and he has failed to do so.

Plaintiff has not alleged that he was fired from his job because of his race, religion, national origin or age.  He has not alleged that Det. Delgado violated his constitutional rights, nor has he stated any facts which would rise to the level of a constitutional violation.  Plaintiff alleged no facts to support a claim that Det. Delgado was aware that the sexual assault allegations were false or that he was conspiring with the other defendants to falsely charge plaintiff with sexual assault.  Plaintiff has failed to articulate any facts which would support federal question or diversity jurisdiction in federal court.

Accordingly, plaintiff's application for leave to proceed *in forma pauperis* is denied because plaintiff failed to state a federal claim upon relief can be granted.  All

claims are dismissed without prejudice so that plaintiff can pursue his action in the courts of the State of Texas.

ORDERED this 4th day of May, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE